UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK
*******************************************

PAUL GARRAND and
PATRICIA GARRAND

        Plaintiffs,

  -against-

PAUL A. DANIELSON, DMD and CHAMPLAIN
VALLEY ORAL & MAXILLOFACIAL
SURGERY, P.C.,

        Defendants.
*******************************************

Civil Case No.:  8:16-cv-1188 (MAD/CFH)

COMPLAINT
(Jury Trial Demanded)

  Plaintiffs, Paul Garrand and Patricia Garrand, by and through their attorneys, Poissant, Nichols, Grue & Vanier, P.C., complaining of the defendants, show and allege as follows:

  1. The plaintiffs, Paul Garrand and Patricia Garrand, were and still are residents of the Town of Champlain, County of Clinton and State of New York.

  2. Upon information and belief, at all times mentioned herein, the defendant, Paul A. Danielson, DMD, was a resident of the City of South Burlington, County of Chittenden and State of Vermont.

  3. That upon information and belief, the defendant, Paul A. Danielson, DMD, was at all times relevant hereto a dentist licensed to practice dentistry in the State of Vermont and maintained an office located at 118 Tilley Drive, Suite 102, in the City of South Burlington, County of Chittenden and State of Vermont, and held himself out to the public as being skilled and capable of treating patients for dental conditions, including performance of dental procedures and oral surgery.

  4. Upon information and belief, at all times herein mentioned, the defendant, Champlain Valley Oral & Maxillofacial Surgery, P.C., was a domestic professional corporation authorized to do business in the State of Vermont, with a primary place of business located at 118 Tilley Drive, Suite 102, South Burlington, Vermont and was the employer of the defendant, Paul A. Danielson, DMD.

  5. The amount in controversy exceeds $75,000.00.

  6. The jurisdiction basis for the claim is diversity of citizenship. The statutory basis for jurisdiction is 28 USC Section 1332.

## AS AND FOR A FIRST, SEPARATE
## AND DISTINCT CAUSE OF ACTION

7. The plaintiffs repeat, reiterate and reallege each and every paragraph of this Complaint numbered "1" through "6" as is more fully set forth herein at length and with the same force and effect.

8. On or about the 12th day of November, 2012 and continuing through on or about the 7th day of May, 2015, the plaintiff, Paul Garrand was under the care of the defendant, Paul A. Danielson, DMD, for the care and treatment of his dental issues, including a keratocystic odontogenic tumor of the left mandible.

9. The defendant, Paul A. Danielson, DMD, in rendering services to the plaintiff, Paul Garrand, owed him a duty of possessing and exercising a degree of learning, knowledge, skill, care and diligence, which was ordinarily possessed and exercised by dentists in the community.

10. Upon information and belief, in the course of the aforementioned procedures and medical treatment, the defendants negligently caused the plaintiff, Paul Garrand to sustain serious and severe injuries.

11. The pain and suffering of the plaintiff, Paul Garrand, was due solely to the negligence and carelessness of the defendants in failing to provide care and treatment in an accepted and proper manner without culpable conduct on the part of the plaintiff, Paul Garrand, contributing thereto.

12. Upon information and belief, the negligence of the defendant, Paul A. Danielson, DMD, consisted of the following:

    a. Failing to provide the plaintiff with proper care, the lack of which caused injury to the plaintiff;

    b. Failing to advise the plaintiff that the diagnosis of keratocystic odontogenic tumor is associated with a high rate of recurrence;

    c. Failing to offer the plaintiff a more aggressive excision following the diagnosis of keratocystic odontogenic tumor;

    d. Failing to offer the plaintiff additional treatment options in the attempt to eradicate daughter cells and tumor recurrence;

    e. Failing to offer the plaintiff additional surgery;

  f. Failing to advise the plaintiff of the potentially aggressive nature of his condition and the risk of recurrence;

  g. Negligently delaying the diagnosis of the recurrence of the keratocystic odontogenic tumor;

  h. Failing to address the plaintiff's complaints of intermittent numbness and complaints of pressure;

  i. Failing to address the findings of the lack of bone fill on x-ray examination;

  j. Failing to note dehiscence or perforation in the anterior mandible;

  k. Failing to note an extension along the lingual, from the initial surgical site, which suggested extension of the tumor;

  l. Failing to perform the proper diagnostic procedures to assess the plaintiff's condition in a timely fashion;

  m. Violating the accepted standards of dental care.

  13. Upon information and belief, the acts of negligence of the defendant, Champlain Valley Oral & Maxillofacial Surgery, P.C. consisted of the following:

  a. As employer of Paul Danielson, all of the acts of negligence of the defendant, Paul A. Danielson, DMD performed within the scope of his employment;

  b. Failing to insure that the defendant, Paul A. Danielson, DMD, and their staff, agents, servants and employees were maintaining a competent standard of care.

  14. Upon information and belief, by reason of the negligence of the defendants, the plaintiff, Paul Garrand, suffered serious injuries; was rendered sick and sore; suffered shock and mental upset; lingual mandibular torus on the left mandible; scalloped multi loculated radiolucency extending from the mesial of tooth #19 to the distal aspect of tooth #26; radiolucency between teeth #20 and 21; large radiolucency in the anterior mandible approximately 1.8 cm long by 1 cm in AP dimension; cortical perforation in areas #20 and 21; persistent/recurrent odontogenic keratocyst; necessity for incisional deep bone biopsy anterior mandible; keratocystic odontogenic tumor of the left mandibular symphysis and body; and other mental and physical pain and suffering and loss of enjoyment of life. The said plaintiff underwent and will necessarily continue to undergo a long and painful course of treatment in endeavoring to cure and relieve himself of the aforementioned injuries and maladies. The said

plaintiff was obligated to spend large sums of money for medical and other aid and will necessarily continue to do so.

16. As a result of the foregoing, the plaintiff, Paul Garrand, has been forced and will continue to seek medical care and attention in an effort to alleviate the pain and suffering caused by his injuries.

16. By reason of the foregoing, the plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND, SEPARATE AND DISTINCT CAUSE OF ACTION

17. The plaintiffs repeat and reallege each and every allegation as set forth in paragraphs marked and numbered "1" through "16" of the plaintiffs' Complaint as if more fully set forth herein at length.

18. At all times hereinafter mentioned, Paul Garrand, was the husband of the plaintiff, Patricia Garrand, and was fully capable of performing and did perform all the functions of a husband to the plaintiff, Patricia Garrand.

19. Solely as a result of the defendants' negligence and the injuries sustained by the plaintiff, Paul Garrand, the plaintiff, Patricia Garrand, was compelled to and did employ medical aid and attendance for her husband, paid and became liable therefore and have been deprived of the services of her husband and the comfort and happiness of her husband's comfort, consortium, society and companionship.

20. The plaintiff, Patricia Garrand, has been otherwise injured, both mentally and physically, all to her damage in a sum that exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

21. Pursuant to Federal Rules of Civil Procedure Rule 38, the plaintiffs, Paul Garrand and Patricia Garrand, hereby demand a trial by jury of all issues in the above matter.

WHEREFORE, plaintiff demands judgment be granted against the defendants on the first cause of action an amount that exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction; on the second cause of action an amount that exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction; together with

the costs and disbursements of this action and such other and further relief as the Court shall deem just and proper.

DATED: August 20, 2016

                                Yours etc.,
                                POISSANT, NICHOLS, GRUE & VANIER, P.C.

PART 130:    *[signature]*
                    BY:  Thomas A. Grue, Esq.
                    Attorneys for Plaintiff
                    Office and Post Office Address
                    367 West Main Street
                    Malone, New York  12953
                    Phone: (518) 483-1440
                    **Federal Bar #:  501476**

STATE OF NEW YORK )
                               ss:
COUNTY OF CLINTON )

Paul Garrand, being duly sworn, deposes and says: I am the Plaintiff in the above entitled action; I have read the foregoing Summons and Complaint and know the contents thereof and the same are true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief and as to those matters, I believe them to be true.

Dated: August 20, 2016

_____
Paul Garrand

Subscribed and sworn to before me
this 20th day of August, 2016.

_____
Notary Public

THOMAS A. GRUE
Notary Public, State of New York
Qualified in Franklin County
No. 02GR4957938
Commission Expires October 23, 2017

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK
*********************************************

PAUL GARRAND and
PATRICIA GARRAND

                Plaintiffs,

-against-

PAUL A. DANIELSON, DMD and CHAMPLAIN
VALLEY ORAL & MAXILLOFACIAL
SURGERY, P.C.,

                Defendants.
*********************************************

Civil Case No.:

CERTIFICATE OF MERIT

STATE OF NEW YORK ) 
                  ss:
COUNTY OF FRANKLIN )

      Thomas A. Grue, Esq., being duly sworn, deposes and says:

      1.    I am a member of the law firm of Poissant, Nichols, Grue & Vanier, P.C., attorneys for the plaintiffs herein. That I make this Certificate of Merit pursuant to CPLR 3012-a and Vermont Statutes Title 12 Court Procedure Chapter 27, Section 1042.

      2.    The Summons and Complaint in this action will be personally served upon the defendants.

      3.    Pursuant to CPLR §3012-a, your deponent has reviewed the facts of this case, himself, and has consulted with at least one physician who is licensed to practice in the State of New York or another State, who your deponent reasonably believes is knowledgeable of the relevant issues involved in this particular action, and your deponent has concluded on the basis of that consultation and review that there is a reasonable basis for the commencement of this action.

      4.    Pursuant to Vermont Statutes, Title 12, Court Procedure, Chapter 27, Section 1042, I certify that I have consulted with a health care provider qualified pursuant to the requirements of rules 702 of the Vermont Rules of Evidence and that, based upon the information reasonably available at the time the opinion was rendered, the health care provider has:

           (1)    Described the applicable standard of care; and

(2) Indicated that based upon reasonably available evidence, there is a reasonable likelihood that the plaintiff will be able to show that the defendant failed to meet the standard of care; and

(3) Indicated that there is a reasonably likelihood that the plaintiff will be able to show that the defendant's failure to meet the standard of care caused the plaintiff's injury; and

(4) That said consultation was with respect to each of the defendants indentified in the complaint.

DATED: August 20th, 2016

PART 130: _____
Thomas A. Grue

Subscribed and sworn to before me this 26th day of August, 2016.

_____
Notary Public

DANIELLE MORGAN
Notary Public, State of New York
No. 01MO6128338
Qualified in Franklin County
Commission Expires June 13, 2017